IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES HALL and IDA HALL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 99-JEO-2259-W |
| ) | |
| WALTER INDUSTRIES, INC., ) | |
| JIM WALTER HOMES, INC., ) | |
| C. W. SMITH, and CHRIS LIBERTO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on the motion to amend (doc. 4)[1] and the motion to remand (doc. 5) filed by the plaintiffs, James and Ida Hall ("the plaintiffs"). The motions are opposed by the defendants. Upon consideration of the same, the court finds that the motions are due to be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs, who are Alabama residents, originally filed a complaint in the Circuit Court of Greene County, Alabama, on August 5, 1999, seeking to recover damages from Jim Walter Industries, Inc. ("Walter Industries"), Jim Walter Homes, Inc. ("JWH"), and C. W. Smith ("Smith"), (collectively "the defendants") for fraud, misrepresentation, negligence, breach of contract, and breach of warranty, arising from their purchase of a home in about September 1991 that was built by the defendants. (Doc. 1, Ex. A). Walter Industries, JWH, and Smith are all non-residents of the State of Alabama. Smith purportedly is the supervisor responsible for the

---

[1] References herein to "Doc. ___" are to the pleading numbers assigned by the Clerk of the Court, which are found in the lower right hand corner of the particular pleading.

construction of the plaintiffs' home.

Walter Industries and JWH filed their notice of removal on August 27, 1999. (Doc. 1). The plaintiffs filed their motions to amend the complaint and to remand the case to the Circuit Court of Greene County on September 24, 1999. (Doc. 4 & 5). The motion to amend seeks to add Chris Liberto, the salesman who sold the plaintiffs their home, to the complaint for fictitious defendant "A."[2] Liberto is an Alabama resident, so adding him as a defendant destroys any diversity currently existing between the parties. The motion to remand is premised on the absence of diversity jurisdiction the amendment would create. A hearing on the motions was conducted on January 5, 2000.

## II. MOTION TO AMEND

### A. Legal Principles

#### 1. Generally

Removal jurisdiction in this case is premised on diversity of citizenship under 28 U.S.C. § 1332(a). Walter Industries and JWH timely removed this matter pursuant to 28 U.S.C. § 1441(a). The notice of removal includes Smith's consent. There is no dispute that the amount in controversy exceeds the jurisdictional amount. In order to maintain this action, the parties must be diverse. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

#### 2. Plaintiffs' motion for leave to amend the complaint

The plaintiffs seek to amend the complaint to add Liberto. Allowing the amendment will destroy diversity jurisdiction because Liberto is an Alabama resident. Under 28 U.S.C. §

---

[2] The defendants acknowledge that Liberto was the salesman.

1447(e), when presented with a post-removal motion to add a non-diverse defendant, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such instances, the court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989). *Accord Sexton v. G & K Services, Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Whether an amendment should be allowed is determined by examining four factors:

1. The extent to which the purpose of the amendment is to defeat federal jurisdiction,

2. Whether the plaintiff has been dilatory in asking for the amendment,

3. Whether the plaintiff will be significantly injured if the amendment is allowed, and

4. Any other factors bearing on the equities.

*El Chico Restaurants, Inc. v. Aetna Casualty and Surety Co.*, 980 F. Supp. 1474, 1484 (S. D. Ga. 1997).

### B. DISCUSSION

#### 1. Intent to defeat federal jurisdiction

The defendants assert that an analysis of the facts "can lead to only one conclusion: the Halls [sic] sole purpose in seeking to amend their complaint to add the non-diverse defendant is to defeat federal jurisdiction." (Doc. 9, p. 4). The plaintiffs assert that, at the time the complaint was filed, they could not identify Liberto as the sales person because his signature was not legible on the documents in their possession. (Doc. 6, p. 2). The record before the court, particularly the original complaint, demonstrates that, at the time of filing the complaint in state

court, the plaintiffs intended to add parties whose identities were not then known but who "caused or contributed to" their injuries and damages. (Doc. 1, Ex. A (Complaint), p. 1). The caption stated that the unknown parties would be "substituted by amendment when ascertained." (*Id.*). Although such language is not conclusive of the plaintiffs' intent, it is a circumstance that must be given appropriate consideration under the first factor.

The defendants further assert that the motion to amend is suspect because it was filed just one day after the plaintiffs were deposed. At the deposition, plaintiff James Hall stated that he did not remember whom he dealt with and plaintiff Ida Hall stated that she dealt with an individual named Andy. (Court Exhibit 2, p. 42; Court Exhibit 3, p. 30). However, juxtaposed to these facts is the fact that the document identifying Liberto as the salesman was disclosed to the plaintiffs' counsel on the day of the depositions. Accordingly, the court does not attribute any improper motive to counsel's action in filing the motion the next day. The court also notes that the parties do agree that Liberto was the salesman that handled the sale of the home to the Halls.

Finally, in the defendants' supplemental evidentiary submission (doc. 18), which was submitted after the hearing, the defendants attached notices of dismissal in ten cases against AVCO Financial Services, Inc., in state courts where counsel for the plaintiffs in the present action dismissed the individual defendants after the corporate defendants settled. This evidence, while worthy of observation, does not sway this court from the conclusion that in this case the plaintiffs' intent is not to defeat federal jurisdiction.

### 2. Diligence

The defendants assert that the plaintiffs have not been diligent in seeking their

4

amendment. In essence, the defendants assert the same reasoning they use in arguing that the plaintiffs' intent was improper, which reasoning is discussed above.

The record shows that when the complaint was filed, the plaintiffs also filed their first set of interrogatories and a request for production of documents. (Doc. 11, Ex. A). The interrogatories included a request for the identification of each person known to the defendants who was a witness to the transactions or who has any information relating to the allegations. (*Id.*, ¶¶ 3, 4 ). The interrogatories also asked for the names of all employees or agents who had contact with the plaintiffs at any time. (*Id.*, ¶ 5). The parties agree that the document identifying Liberto was provided on the day of the depositions. The motion to amend was filed the next day.

Under these circumstances, the court finds that the plaintiffs were timely in submitting the motion to amend to add Liberto. It was within approximately six weeks of the filing of the original complaint and one day of learning about Liberto

### 3. Injury to the plaintiff if the amendment is not allowed

The defendants assert that the plaintiffs will not be prejudiced by a decision not to allow the amendment. They specifically assert that nothing in the record indicates that the defendants "presently in the lawsuit will be unable to satisfy a judgment that may be entered against them" and the plaintiffs' counsel dismissed the alleged sales person on the eve of trial in the related case of *Kendrick v. Jim Walter Homes, Inc.* (Doc. 11, pp. 5-6). Against these facts, the court must weigh the facts that the case involves state law claims and that a failure to grant the motion to amend very likely will result in duplicate litigation in the federal and state courts. *See Jarriel v. General Motors Corp., Inc.*, 835 F. Supp. 639, 641-42 (N.D. Ga. 1993)(plaintiff's claims involve state law issues and duplicative litigation would be a waste of judicial resources).

5

The plaintiffs' counsel explained at the hearing on the motions that the decision to dismiss the claims against the salesman in the *Kendrick* case was premised on the fact that the salesman suddenly became unavailable for trial and to continue the case would unduly prolong the matter due to the docketing of cases in state court. Accordingly, counsel decided to dismiss the case against the salesman to allow the trial against the company to proceed. The defendants do not dispute counsel's representations.

Weighing the equities concerning this factor, the court finds in favor of the plaintiffs. To deny the motion and to proceed without Liberto would result in duplicative actions. Although this fact alone is not sufficient to allow the amendment (*see Sexton*, 51 F. Supp. 2d at 1314), in view of the other factors, the equities weigh in favor of granting the motion. Additionally, there is no overriding federal issue or claim to warrant a denial of the motion in order to maintain this court's jurisdiction.

### 4. Other equitable considerations

The defendants also assert that they have "a well-established interest in retaining a federal forum, and this interest must be considered when deciding whether to allow a plaintiff to amend to add a defendant eliminating diversity." (Doc. 9, p. 7). In support of this argument, the defendants cite to the closing argument of one of plaintiffs' counsel in the *Kendrick* trial. Counsel argued to the jury:

> So you can either put your stamp of approval on it and say it is fine, or you can tell this gentleman sitting back here from the company to observe who will report back to the company that we will not tolerate this kind of conduct in Bullock County, Alabama or in the State of Alabama. We will not tolerate it. We will protect ourselves regardless of whether lawyers say you should or shouldn't do it.

(Doc. 9, Ex. 1).

When considering a motion to amend, this court must scrutinize that amendment more closely than an ordinary amendment. *Hensgens*, 833 F.2d at 1182. There is no reason to believe, however, that if this amendment is allowed and the case is ultimately remanded to the Circuit Court of Greene County, that the state court will not be able to address the defendants' concerns if an appropriate motion in limine is filed before trial or if a timely objection is made during trial. This factor alone does not warrant the denial of the motion to amend.

### 5. Consideration of *El Chico* factors

In view of the above analysis of the *El Chico* factors, the court finds that the motion to amend is due to be granted.

## III. MOTION TO REMAND

### A. Legal Principles

The removing defendant bears the burden of proving the existence of federal diversity jurisdiction. *Tapscott*, 77 F.3d at 1356. Since "removal is a purely statutory right . . . a court should strictly construe removal statutes in favor of state court jurisdiction." *Holder v. City of Atlanta*, 925 F. Supp. 783, 784-85 (N.D. Ga. 1996)(citations omitted). *See also Yazdtchi v. Khademi*, 1995 WL 131762, *3 (M.D. Ala. 1995)("A court must strictly construe the requirements of the removal statute as removal constitutes an infringement on state sovereignty."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Discussion

Because this court is granting the motion to amend the complaint to add Liberto, diversity jurisdiction is destroyed. In the absence of complete diversity between the parties, this court

lacks subject matter jurisdiction to hear the case. Accordingly, the plaintiffs' motion to remand (doc. 5) is due to be granted.

## IV. CONCLUSION

For the foregoing reasons, the court finds that the motion to amend the complaint (doc. 5) is due to be granted. The court further concludes that the plaintiffs' motion to remand (doc. 4) is also due to be granted and the case returned to the Circuit Court of Greene County, Alabama. An appropriate order will be entered.

**DONE,** this the 31st day of January, 2000.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE